(No. 13335.—*Judgment affirmed.*)

THE PUBLIC UTILITIES COMMISSION *ex rel.* Timothy L. O'Neil *vs.* THE MARSEILLES LAND AND WATER POWER COMPANY.—(TIMOTHY L. O'NEIL, Appellant, *vs.* THE NATIONAL BISCUIT COMPANY, Appellee.)

*Opinion filed December 21, 1920.*

1. COURTS—*courts will not entertain litigation by person having no interest.* It is contrary to the policy of the law for courts to entertain litigation initiated by one who has no right, either public or private, involved.

2. PUBLIC UTILITIES—*when appeal from decision of commission is properly dismissed.* An appeal from a decision of the Public Utilities Commission upon a complaint filed by a non-resident having an equity of redemption in certain water lots, charging the collection of unjust water rates, is properly dismissed, where at the time of the hearing by the commission such person has lost all right and interest in the lots, and the owner thereof, being satisfied with the rates charged, intervenes and moves to dismiss the appeal.

APPEAL from the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding.

KENNETH McC. DEWEESE, and CHAPIN & CHAPIN, for appellant.

BROWN, HAY & CREIGHTON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, Timothy L. O'Neil, filed his petition with the Public Utilities Commission of Illinois against the Marseilles Land and Water Power Company, charging that company with making and collecting unjust and exorbitant rates in selling water power, and asking that the commission appraise the value of its property and fix a reasonable rate of charges. Appellant claimed to be the owner of an equity of redemption in certain water lots described, subject to the lien of a trust deed or mortgage. The Marseilles Land and Water Power Company answered the

complaint, a hearing was had before the commission and a decision rendered that the water power company was not a public utility. Appellant appealed from that decision to the circuit court of Sangamon county. Before the case came on for hearing on its merits in that court the National Biscuit Company filed its petition for leave to intervene and be made a party, which was allowed, and it then moved to dismiss the appeal, which motion was also allowed. From the judgment of the circuit court dismissing the appeal O'Neil has prosecuted an appeal to this court.

The facts admitted or not denied are that the lots in which appellant claimed an interest, subject to the mortgage lien, were sold under foreclosure of the lien August 13, 1917, and O'Neil's equity of redemption therefore expired August 12, 1918. The premises were not redeemed, and a deed was thereafter issued to the purchaser at the mortgage sale, who sold the premises in April, 1919, to the National Biscuit Company. The record shows appellant filed his complaint with the Public Utilities Commission September 13, 1918. At that time his right to redeem had expired. Appellant asserts the record is wrong as to the date of filing the petition,—that it was filed July 25, 1918. Appellant's right to redeem lacked a few days of having expired at that time. The case before the commission was docketed in September, 1918, a hearing had December 5 following, and the decision was rendered in April, 1919. Appellant was not at the time he filed his complaint, and had not been for more than a year, a resident of the State of Illinois but his residence was in Kansas City, Missouri.

The grounds urged by the National Biscuit Company in support of its motion to dismiss the appeal were, that appellant had no interest whatever in the property or rates charged by the Marseilles Land and Water Power Company; that he was not a resident of the State of Illinois but resided in the State of Missouri; that the National Biscuit Company, as owner of the property described in

the complaint, was satisfied with the charges and rates and did not desire any hearing on that question.

It is contrary to the policy of the law to sustain litigation initiated by someone who has no right, either public or private, involved. Appellant had no interest in the property affected by the rates charged by the Marseilles Land and Water Power Company at the time he filed his complaint, according to this record, and if, as counsel claim, the complaint was filed before his right to redeem expired it was only a few days before, and, in any event, before the case was docketed by the Public Utilities Commission his right expired, and long before any hearing was had a deed was made to the purchaser under the foreclosure sale. Necessarily the rates charged by the water power company do not directly or indirectly affect many people. Appellant owns no property affected and is not and has not been for some time a resident of this State. He is not personally interested and is not interested on behalf of the public in the State of Illinois. In our opinion it was never contemplated by the Public Utilities act that a person situated as appellant is should have the right to make and prosecute such a complaint as is here made. The owner of the property in which appellant claimed some interest when he filed his complaint is satisfied with the rates and charges of the water power company and does not desire any hearing or investigation of that question. Appellant has no interest himself and does not represent anyone else or the public interest. We are not deciding or intimating whether the water power company is a public utility or not. That question is not involved for decision in this appeal, but if it is a public utility it is not such an one as would authorize a court to retain jurisdiction in this case under the facts mentioned.

The circuit court properly dismissed the appeal, and its judgment is affirmed.                    *Judgment affirmed.*